(66 Misc. Rep. 186.)

## KIND v. CORTIS.

### (Supreme Court, Appellate Term.  February 24, 1910.)

INSURANCE (§ 87*)—AUTHORITY OF AGENT.

Where underwriters of an unincorporated association appointed three attorneys in fact, one of whom was an underwriter, with power to act jointly and severally in adjusting losses, contesting claims, and defending, compromising, or settling suits, one of the attorneys in fact other than the underwriter was without authority to employ an attorney at law to defend suits and make each underwriter, including the one appointed attorney in fact, directly liable to him for his share of his compensation.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 87.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Jennie Kind against Alfred E. Cortis.  From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals.  Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Arnold L. Davis, for appellant.

Mortimer M. Menken and Howard T. Cole, for respondent.

WHITNEY, J.  Defendant was one of the underwriters of an unincorporated association known as the "New York Fire Lloyds."  The underwriters by power of attorney appointed three attorneys in fact, one of whom was the defendant, with power to act jointly and severally.  They were authorized, among other things, to adjust and compromise losses, to contest claims, and to defend, compromise, or settle suits brought on account of the policies issued by them.  Plaintiff's assignors were attorneys at law, and were employed by one of the other attorneys in fact to defend certain suits and settle others.  By their contract of employment, which is contained in the correspondence, each underwriter was to be directly liable to plaintiff's assignors for his share of their compensation.

We do not think that the power of attorney gave any authority to the attorneys in fact to insert such a stipulation in the contract.  It was their own duty to supervise the defense and settlement of these suits, and incidentally to settle with their attorneys at law for the services of the latter.  The policy which has been put in evidence as a sample is signed by 15 of the underwriters, among whom this defendant is responsible for only one thirty-ninth.  If this is his proportionate risk upon the policies in connection with which plaintiff's assignor performed his services, his total pecuniary responsibility according to their claim would have been but about $46, and yet to defend an action he would have to examine into the facts concerning 22 different suits or settlements.  The underwriters were not individually responsible to plaintiff's assignors, and the contract of the latter was not made with the defendant in his capacity as one of the attorneys in fact.

Hence the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes